IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 13-cv-_____

ADVANCED CAREER TECHNOLOGIES, INC., a Delaware corporation,

    Plaintiff,

v.

JOHN DOES 1-10, all whose true names are unknown,

    Defendants.

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff, Advanced Career Technologies, Inc. ("ACT"), by and through its undersigned counsel, for its Complaint against Defendants John Does 1-10 (collectively, "Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for violation of the Lanham Act and the Colorado Consumer Protection Act and for trade libel/commercial disparagement arising out of Defendants' unauthorized disparagement of ACT through postings on an internet weblog known as "Random Convergence." Each of the Defendants has posted or has assisted in the posting of false and defamatory comments concerning ACT on the Random Convergence website which, by virtue of the sheer volume of the posts and the detailed personal and company information about ACT which is contained in the posts, appears to be a sophisticated and coordinated attack on ACT and its principals from a competitor or competitors of ACT. ACT has requested the posters' identifying information from Google, the host of Random Convergence, but this request was denied. By separate motion filed contemporaneously herewith, ACT is seeking the Court's

1

authorization to conduct early third-party discovery for the purpose of obtaining the identifying information for the Defendants so that they may be appropriately named as parties in this lawsuit.

## PARTIES

2. ACT is a Delaware corporation with its registered address and principal place of business located at 8400 E. Crescent Parkway, Suite 200, Greenwood Village, CO 80111.

3. At this time, ACT does not know the identities or citizenship information for Defendants John Does 1-10. If the Court permits the initial discovery being requested by ACT to ascertain the names, addresses and other identifying information for the Defendants, ACT will amend this Complaint to include the actual names of the Defendants.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over ACT's claims arising under the laws of Colorado and the common law pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the federal claims in this action that they form a part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this district. Among other things, Plaintiff's business is conducted, and has been damaged by the blog postings at issue, in the state of Colorado.

## FACTUAL BACKGROUND

7. ACT is a career guidance service firm that assists job seekers throughout their job search. Its services include assisting clients in developing a marketing plan that acts as a road map for the client's job search, identifying the client's strengths and skills while providing solutions for any weaknesses, and locating industry options and opportunities in an effort to maximize the client's chances of securing gainful employment.

8. ACT is a nationwide "A" rated company with the Better Business Bureau. All of its services are sold with a money-back and performance guarantee. After over 14 years in business, ACT has no legal issues with respect to consumers. If and when consumer complaints arise, ACT strives to resolve those issues to the consumer's satisfaction.

9. Random Convergence is a weblog hosted by "Blogger," a weblog website company purchased by Google in 2003. Google hosts the blogs at the subdomain "blogspot.com." The specific domain name for the Random Convergence blog is "randomconvergence.blogspot.com."

10. On information and belief, Blogger is free to the public and available to anyone with Internet access. Anyone can write, post, and comment on the Random Convergence blog. The posts on Random Convergence can be posted anonymously, under a pseudonym, or by using the author's real identity. The only uniform identifying information is the poster's Internet Protocol ("IP") address.

11. Notwithstanding the apparent ability of anyone to write and post material on the Random Convergence blog, the person or entity controlling the Random Convergence blog has refused to permit ACT to post or comment on the anonymous postings that are the subject of this lawsuit. Therefore, on information and belief, the person or entity managing and hosting the

Random Convergence blog is exercising some level of editorial control over the content of the website.

12. From January 2007 to November 2010, one or more anonymous Internet users have posted and commented on the Random Convergence blog by publishing false and misleading statements about ACT.

13. The sheer volume of the anonymous postings on Random Convergence regarding ACT and its principals suggest that the anonymous postings are a sophisticated and coordinated campaign to unfairly compete with ACT by driving up negative material about ACT when a user searches for information about the company using Google or a similar internet search engine.

14. Specifically, there are over 350 anonymous entries on Random Convergence (collectively, the "Blog Entries"), which negatively address ACT and/or its principals. In 212 of the entries, ACT is specifically mentioned. In 132 of the postings, the names of individual sales executives for ACT are mentioned. There are 64 instances where an ACT sales executive is specifically identified along with phone numbers, sometime personal cell phone numbers that are not available to the general public. And in two entries the spouses of ACT's senior management team are mentioned, along with their unlisted cell phone numbers and home addresses.

15. The content of the Blog Entries also contain numerous defamatory and false statements, such as allegations that ACT defrauds its customers, that its principals are dishonest, that ACT does not deliver satisfactorily on the services it provides.

16. The timing of the anonymous Blog Entries is also unusually suspect. Approximately 95% of the blog entries occurred in a nine-month period between August 2007 and April 2008. Another spike in anonymous entries occurred in the summer of 2010. These sudden spikes in anonymous entries are unusual in a purported consumer-related blog,

particularly where ACT did not change or altered its operations in any significant way during these time periods.

17. There have also been posts on the Random Convergence blog which favorably refer to competitors of ACT and unfavorably compare ACT to those competitors.

18. The Blog Entries therefore appear to be a sophisticated and coordinated effort made by a competitor or competitors of ACT to damage ACT's business and reputation by publishing false and disparaging information about the company and its sales force. Many of the Blog Entries urge consumers not to do business with ACT or any of the companies owned by ACT. Other Blog Entries purport to be potential customers that decided not to patronize ACT's services due to the false and disparaging information posted on the website.

19. The entries on Random Convergence are designed to maximize the effect of the blog by sending spam and driving up the blog's rankings and visibility in the search engine Google. One such entry provides in part: "Keep Posting to this blog. The activity is moving it up in Google, Ask, and Yahoo. These warnings are now right behind the USAJOB-Market website."

20. As a result, when any consumer searches for the name of a sales executive in the firm, the negative information posted on the blog appears in the search results.

21. These negative and false postings have caused ACT damages by driving potential and current clients away from ACT. ACT has documented instances where potential clients have refused to do business with ACT because of these false and defamatory blog posts.

22. On November 18, 2010, ACT sent Google a letter detailing the false and disparaging blog posts hosted at its site, Blogspot. The letter explained how the blog postings violated Google's Blogger Spam policy and terms of service, by spamming the posts for

5

increased traffic, posting confidential personal information including home addresses and phone numbers, and copyright violations.

23. Some of the posts clearly intend to damage ACT's business, asking what the anonymous posters can do to "put these guys out of business."

24. As set forth above, the person or entity that manages the Random Convergence blog exercises some level of editorial control over the content posted on the blog. Representatives of ACT have asked to post comments on the Random Convergence blog to rebut some of the false statements posted on the blog, but these requests have been refused by the manager of the blog.

25. A significant portion of ACT's clientele and potential clientele uses the Internet to search for employment, and help in the process of securing employment. Those potential clients have viewed the false and misleading blog posts when using search engines for information about ACT or its related brand names, sales executives, or other personnel.

## FIRST CLAIM FOR RELIEF
(Violation of the Lanham Act – 15 U.S.C. § 1125(a))

26. ACT hereby incorporates by reference and realleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

27. Defendants' activities constitute false descriptions and representations concerning the nature, characteristics, and qualities of ACT's goods, services, and commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Defendants' false representations were made willfully and with intent to deceive the consuming public.

29. Defendants' false representations appear on the Internet, and ACT has suffered and will continue to suffer damages and loss in the State of Colorado, as well as throughout the United States.

30. As a proximate result of Defendants' actions, ACT has suffered and will continue to suffer damages and loss, in an amount to be determined at trial. By way of example and not by exclusion, Defendants' conduct and false representations have directly caused ACT to lose sales and market share. Further, Defendants' have caused reputational harm to ACT. Defendants' actions have caused and will continue to cause irreparable harm to ACT for which there is no adequate remedy at law.

31. The foregoing acts have been knowing, deliberate, willful, and wanton and in utter disregard of ACT's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

### SECOND CLAIM FOR RELIEF
(Common Law Trade Libel/Commercial Disparagement)

32. ACT hereby incorporates by reference and realleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

33. Defendants published or caused to be published false statements that are disparaging, false, defamatory, and harmful to ACT's interests, with the intent to widely disseminate the statements to current and prospective customers, and with the intent that the publication of the statements would cause harm to ACT's interests.

34. At the time of such publication, Defendants knew that the statements were false or acted in reckless disregard of the truth or falsity of such statements. Such statements are not privileged or protected.

35. As a proximate result of Defendants' actions, ACT has suffered and will continue to suffer damage and loss, in an amount to be determined at the time of trial. Defendants' actions have caused and will continue to cause irreparable harm to ACT for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
(Violation of the Colorado Consumer Protection Act – C.R.S. § 6-1-101 *et seq.*)

36. ACT hereby incorporates by reference and realleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

37. ACT provides goods and commercial services to the public.

38. Upon information and belief, in the course of their business, Defendants have engaged in deceptive trade practices, in violation of C.R.S. § 6-1-105, by, including but not limited to, making false representations as to the characteristics of ACT's goods and commercial activities, and disparaging the goods and services provided by ACT by false and misleading representations of fact.

39. On information and belief, Defendants engaged in these activities knowingly, willfully, and deliberately.

40. As a proximate result of Defendants' violations of the Colorado Consumer Protection Act, ACT has suffered and will continue to suffer damage and loss, in an amount to be determined at the time of trial. Defendants' actions have caused and will continue to cause irreparable harm to ACT for which there is no adequate remedy at law. ACT is entitled to treble damages, attorneys' fees and costs, all in amounts to be determined at trial, pursuant to C.R.S. § 6-1-113.

## JURY DEMAND

### ACT DEMANDS A JURY ON ALL ISSUES SO TRIABLE.

### PRAYER FOR RELIEF

WHEREFORE, ACT prays for judgment and relief against Defendants, jointly and severally, as follows:

1. Issuance of an Order granting ACT's Motion for Expedited Order Authorizing Discovery filed pursuant to Fed.R.Civ.P. 26(d) to allow ACT to ascertain the identities of Defendants John Does 1-10 and upon discovery to name these Defendants in this lawsuit;

2. For temporary, preliminary and permanent injunctive relief enjoining Defendants and their officers, agents, heirs, servants, employees, successors, and assigns, and those persons in active concert, participation or privity with them, or any of the:

    a. From Disparaging ACT, its business, or its products or services in any manner, either in writing (including on the Internet), orally, or otherwise; and

    b. From using any false designation, false description, or false representation, and from making any false representations or from engaging in any act or acts which, either alone or in combination, constitute deceptive or unfair competition by Defendants with ACT.

3. That an accounting be conducted and judgment be entered against Defendants for:

    a. All damages sustained by ACT on account of, *inter alia*, Defendants' trade libel/commercial disparagement and violation of the Lanham Act and the Colorado Consumer Protection Act;

    b. Actual compensatory damages in an amount not presently known, but to be computed during the pendency of this action; and

9

c. Treble, exemplary, and punitive damages under state law and federal law.

4. That ACT be awarded costs, attorneys' fees, and pre-judgment and post-judgment interest; and

5. That ACT be awarded other and further relief, both general and special, at law and equity, as the Court may deem just and proper.

Dated: February 5, 2013.

Respectfully submitted,

/s/ Thomas D. Leland
Thomas D. Leland, #35631
Kevin E. Strom, # 45005
LATHROP & GAGE, LLP
950 17th Street, Suite 2400
Denver, Colorado 80202
(720) 931-3200
(720) 931-3201
tleland@lathropgage.com
kstrom@lathropgage.com

Plaintiff's address:
8400 E. Crescent Parkway, Suite 200
Greenwood Village, Colorado 80111

## VERIFICATION

STATE OF COLORADO )
) ss.
COUNTY OF DENVER )

    Robert Gerberg, Jr., being first duly sworn upon his oath, verifies the above Complaint and states that the factual allegations contained herein are true and correct to the best of his knowledge and belief.

*[signature]*
Robert Gerberg, Jr., President and CEO
Advanced Career Technologies, Inc.

Subscribed and sworn to before me on this 5th day of February, 2013.

*[signature]*
Notary Public

TINA MAUNAKEA
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 03/23/2014

My Commission Expires: 3/23/2014