IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 13-cv-00304

ADVANCED CAREER TECHNOLOGIES, INC., a Colorado corporation,

    Plaintiff,

v.

JOHN DOES 1-10, all whose true names are unknown,

    Defendants.

## MOTION FOR EXPEDITED DISCOVERY

Plaintiff Advanced Career Technologies, Inc. ("ACT") respectfully moves for an order under Fed. R. Civ. P. 26(d) authorizing ACT to conduct discovery before the parties have under Rule 26(f).

This is an action for violation of the Lanham Act and the Colorado Consumer Protection Act, and for common law trade libel/commercial disparagement arising out of Defendants' unauthorized disparagement of ACT and its employees through postings on the weblog website called Random Convergence (the "Defamatory Statements"). The weblog is hosted by Blogspot, a company owned and operated by Google, Inc., which hosts its weblogs through a service called Blogspot at http://blogspot.com. The Random Convergence blog is located at http://randomconvergence.blogspot.com.

ACT has identified the Defendants as John Doe defendants because the actual names and addresses of the Defendants were not disclosed in connection with the Defendants' postings on Random Convergence. In fact, the only information available from the Random Convergence

weblog about the Defendants are the Internet Protocol ("IP") addresses from which Defendants posted and edited the posts about ACT and its employees, to include the Defamatory Statements.

After Defendants posted the Defamatory Statements, ACT wrote Google, Inc. a letter asking that Google disclose the Defendant posters' identifying information. (Exhibit 1 hereto.) Google did not provide the information requested. Because ACT has been unable to ascertain the Defendants' identities through its diligent pre-lawsuit investigation, good cause exists for an order allowing expedited early discovery relating to the Defendants' identities. Specifically, ACT seeks the Court's authorization to conduct discovery from Google and other Internet service providers or website operators who may have information about the identity of Defendants. To obtain this information, ACT anticipates that it will be necessary to serve third-party subpoenas under Fed. R. Civ. P. 45 requiring the production of evidence and permitting the inspection or copying of electronically stored information, documents and other information that relates to the identity of all persons associated with the IP addresses from which changes were or are in the future made to Random Converge blog postings about ACT, including the names, email addresses, physical addresses and any other identifying information associated with those persons. Once the Defendants' identities are determined, ACT will amend its Verified Complaint to identify the actual names of the Defendants.

Rule 26(d) permits discovery to be conducted prior to a Rule 26(f) conference "when authorized by…court order." Fed.R.Civ.P. 26(d). This Court previously has granted requests for early discovery to obtain this type of information where, as here, good cause exists. See, e.g., Faconnable USA Corp. v. John Does 1-10, No. 11-cv-00941-CMA-BNB, 2011 WL 2015515, at *1 (D. Colo. May 24, 2011) (denying IP subscriber's motion to quash and allowing expedited discovery to proceed) rev'd on other grounds, 799 F.Supp.2d 1202 (D. Colo. 2011) 20/20

Financial Consulting, Inc. v. John Does 1-5, No. 10-cv-01006-CMA-KMT, 2010 WL 1904530 (D. Colo. May 11, 2010) (allowing expedited discovery for the purpose of discovering defendants' identities). See also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd., 204 F.R.D. 675, 676 (D. Colo. 2002) (finding good cause existed for expedited discovery). Here, as in the Faconnable and 20/20 Financial Consulting cases, the Court should permit limited discovery on an expedited basis because ACT will be unable to identify Defendants without the benefit of formal discovery mechanisms.

For these reasons, ACT respectfully moves the Court under Federal Rule of Civil Procedure 26(d) for an order permitting ACT to conduct discovery regarding the identities of Defendants before the Rule 26(f) conference. A proposed Order is filed with this motion.

February 5, 2013.

Respectfully submitted,

LATHROP & GAGE LLP

By: /s/ Thomas D. Leland
Thomas D. Leland, Bar No. 35631
Kevin E. Strom, Bar No. 45005
950 Seventeenth Street, Suite 2400
Denver, CO 80202
Telephone: 720.931.3200
Facsimile: 720.931.3201

Attorneys for Plaintiff
Advance Career Technologies, Inc.