IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00304-WJM-KLM

ADVANCED CAREER TECHNOLOGIES, INC., a Delaware corporation,

Plaintiff,

v.

JOHN DOES 1-10, all whose true names are unknown,

Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Expedited Discovery** [Docket No. 2; Filed February 5, 2013] (the "Motion").

In the Complaint [#1], Plaintiff alleges that John Does 1-10, who are only identified by their Internet Protocol ("IP") addresses, violated the Lanham Act and the Colorado Consumer Protection Act and committed trade libel and commercial disparagement through postings on a weblog website called Random Convergence, owned by Blogspot, which in turn is owned and operated by Google, Inc.  In the Motion [#2], Plaintiff seeks leave to serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on Google Inc. and/or other non-parties for the sole purpose of obtaining personally identifiable information.

Pursuant to Fed. R. Civ. P. 26(d), discovery may not take place prior to a Fed. R. Civ. P. 26(f) conferral.  Regardless, upon a showing of good cause, the Court may authorize expedited, limited discovery "narrowly tailored to seek information necessary to

support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011).

A review of the Motion indicates that there is no other feasible method for Plaintiff to obtain the identity of John Does 1-10 other than through service of third party subpoenas prior to the commencement of discovery in this matter.  However, Plaintiff has not provided the IP addresses for each of the John Does in either the Motion or the Complaint.  Further, Plaintiff's request to serve discovery on "Google and other Internet service providers or website operators" is too broad of a request for the Court to grant.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#2] is **DENIED without prejudice**.  If Plaintiff chooses to again seek leave to serve expedited discovery on non-parties, it must provide the Court with specific IP addresses and specific persons/entities on whom it seeks to serve the subpoenas.

Dated: February 14, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge