IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00304-WJM-KLM

ADVANCED CAREER TECHNOLOGIES, INC., a Delaware corporation,

    Plaintiff,

v.

JOHN DOES 1-10, all whose true names are unknown,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Amended Motion for Expedited Discovery** [Docket No. 11; Filed March 7, 2013] (the "Motion").

In the Complaint [#1], Plaintiff alleges that John Does 1-10, who are only identified by their Internet Protocol ("IP") addresses, violated the Lanham Act and the Colorado Consumer Protection Act and committed trade libel and commercial disparagement through postings on a weblog website called Random Convergence, owned by Blogspot, which in turn is owned and operated by Google, Inc. In the Motion [#11], Plaintiff seeks leave to serve third party subpoenas pursuant to Fed. R. Civ. P. 45 for the sole purpose of obtaining personally identifiable information.

Pursuant to Fed. R. Civ. P. 26(d), discovery before the Rule 26(f) conference is allowed if authorized by court order. "In this district, courts have permitted such expedited discovery upon a showing of good cause." *Liberty Media Holdings, LLC v. Colo. Members*

*of Swarm*, No. 11-cv-01170-WJM-KMT, 2011 WL 1812554, at *1 (D. Colo. May 12, 2011) (citations omitted).  Good cause to permit discovery before the Rule 26(f) conference "frequently exists in cases involving claims of infringement and unfair competition." *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citation omitted); *see also Arista Records LLC v. Does 1-9*, No. 07-cv-00628-EWN-MEH (D. Colo. Apr. 4, 2007) (permitting issuance of subpoenas on third party ISPs for purpose of ascertaining identity of Doe defendants).  Thus, on a showing of good cause, the Court may authorize expedited, limited discovery "narrowly tailored to seek information necessary to support expedited or preliminary relief."  *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011).

A review of the Motion indicates that there is no other feasible method for Plaintiff to obtain the identity of John Does 1-10 other than through service of third party subpoenas prior to the commencement of discovery in this matter.  This case is similar to *Arista Records LLC*, and to *Liberty Media Holdings, LLC*.  Like the defendants in *Arista Records LLC* and *Liberty Media Holdings, LLC*, "Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities."  *Liberty Media Holdings, LLC*, 2011 WL 1812554, at *2.  The Court thus finds that good cause exists to permit Plaintiff to serve subpoenas on third parties with the purpose of discovering the Doe Defendants' identities.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#11] is **GRANTED** as follows:

1.  Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on Google, Inc. and/or Mr. Dan Drasen, operator and moderator of Random Convergence blog, for the limited purpose of ascertaining the ten Doe

       Defendants' personally identifiable information.

2. The subpoenas shall be limited to providing Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of each of the ten Doe Defendants as identified in the Motion [#11] by the IP addresses from which they posted and edited posts about Plaintiff and its employees.

3. Plaintiff shall also serve a copy of this Order with the subpoena. The subpoenaed third parties shall notify each Doe Defendant that his or her identity has been subpoenaed by Plaintiff.

4. Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in the Complaint [#1]. The Court warns Plaintiff that improper use of the information obtained by the subpoena may result in sanctions. Nothing set forth herein abrogates the protections afforded to Defendants under Fed. R. Civ. P. 45(c).

Dated: March 11, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge