**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0304-WJM-KLM

ADVANCED CAREER TECHNOLOGIES, INC., a Delaware corporation,

    Plaintiff,

v.

JOHN DOES 1-10, and
DANIEL DRASIN,

    Defendants.

---

**ORDER GRANTING DEFENDANT DANIEL DRASIN'S MOTION TO DISMISS**

---

    This matter is before the Court on Defendant Daniel Drasin's ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction ("Motion"). (ECF No. 31.) For the reasons set forth below, the Motion is granted.

## I.  BACKGROUND

    Plaintiff Advanced Career Technologies, Inc. is a "career guidance service firm" with a principal place of business in Colorado. (ECF No. 26 at 2-3.) Defendant, a Maryland resident, maintains a web blog titled "Random Convergence" ("the Blog"), which he allegedly used to defame Plaintiff and its related companies. (*Id.* at 2-5.) In response, Plaintiff brought this action for violations of the Lanham Act, trade libel, and violations of the Colorado Consumer Protection Act. (*Id.* at 8-10.) Plaintiff's Amended Complaint seeks relief against Defendant, who is the Blog's administrator, and ten other unidentified defendants who allegedly used the Blog to post defamatory statements about Plaintiff. (*Id.* at 1-3.) On April 23, 2014, Defendant filed the instant Motion to

Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (ECF No. 31.)

## II. LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties. The plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). When the district court does not hold an evidentiary hearing before ruling on jurisdiction, "the plaintiff need only make a *prima facie* showing" of personal jurisdiction to defeat a motion to dismiss. *Id*. (citing *Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1454 n.2 (10th Cir. 1983)). A *prima facie* showing is made where the plaintiff has demonstrated facts that, if true, would support jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

To defeat the plaintiff's *prima facie* case, a defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). The Court will accept the well-pled allegations (namely, the plausible, nonconclusory, and nonspeculative facts) of the complaint as true to determine whether Plaintiffs have made a *prima facie* showing that personal jurisdiction exists. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Any factual conflicts must be resolved in the plaintiff's favor. *Wentz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

2

### III.  ANALYSIS

The Tenth Circuit has established a two-part test for personal jurisdiction: "First, we ask whether any applicable statute authorizes service of process on defendants. Second, we examine whether the exercise of statutory jurisdiction comports with constitutional due process demands." *Dudnikov*, 415 F.3d at 1070.  "In a federal question case . . . in which the federal statute at issue does not authorize nationwide service, personal jurisdiction is determined according to the law of the forum state." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1189 (D. Colo. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A); *SCC Commc'ns Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1260 (D. Colo. 2002)).  In Colorado, the state's long arm statute "confer[s] the maximum jurisdiction permitted consistent with the Due Process Clause." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005) (referring to Colo. Rev. Stat. § 13-1-124).  Thus, the Court need only address the constitutional question of whether the exercise of personal jurisdiction over Defendants comports with due process.  *Dudnikov*, 514 F.3d at 1070 (10th Cir. 2008) (noting that the inquiry into whether any statute authorizes service of process "effectively collapses into the second, constitutional, analysis" in Colorado).

To determine whether personal jurisdiction is proper under the Constitution, a court first looks to find minimum contacts with the forum state such that a defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  The focus is on protecting a defendant's liberty interest in not being subject to "the binding judgments of a forum with which he

has established no meaningful contacts, ties, or relations." *Burger King*, 471 U.S. at 472 (quotations and citation omitted). "[T]he question of whether a non-resident defendant has the requisite minimum contacts with the forum state to establish *in personam* jurisdiction must be decided on the particular facts of each case." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1076 (10th Cir. 2004) (internal quotation marks omitted). If minimum contacts are established, the court then determines whether the exercise of personal jurisdiction would be reasonable. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The standard of reasonableness is measured by whether an exercise of jurisdiction would offend "traditional notions of fair play and substantial justice." *Id.* at 320.

The minimum contacts analysis differs depending on whether it arises from general or specific jurisdiction. *OMI Holdings*, 149 F.3d at 1090-91. A court may assert specific jurisdiction "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472 (internal citations and quotations omitted). In the tort context, a defendant has "purposefully directed" his activities at Colorado or its residents when he has (1) taken intentional action, (2) the action was "expressly aimed" at Colorado, and (3) the action was taken with the knowledge that "the brunt of th[e] injury" would be felt in Colorado. *Dudnikov*, 514 F.3d at 1072 (quoting *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)); *see also Impact Prods., Inc.*, 341 F. Supp. 2d at 1190. In contrast, general jurisdiction arises when a defendant maintains "continuous and systematic contacts" with the forum state even when the

cause of action has no relation to those contacts.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

These general principles of personal jurisdiction are modified in cases involving the internet.  The internet operates in "every state regardless of where the user is physically located, potentially rendering the territorial limits of personal jurisdiction meaningless."  *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011).  To avoid such a result, Tenth Circuit case law places an emphasis on whether the website or internet user *"intentionally direct[ed]* his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there."  *Id*. (emphasis in original).  This standard derives from the Supreme Court's holding in *Calder* that the defendant's conduct must have been "expressly aimed" at the forum state.  *Calder*, 465 U.S. at 789-90; *see also Dudnikov*, 514 F.3d at 1072.  While other courts have held that the "expressly aimed" factor is satisfied "when the defendant individually targets a known forum resident," this Circuit has "taken a somewhat more restrictive approach."  *Shrader*, 633 F.3d at 1244.  It is not enough that the Plaintiff is a resident of the forum and suffered harm there.  *Id*.  Simply posting defamatory statements on a website will not, standing alone, form a basis for personal jurisdiction against the poster in any state where the post may be read.  *Id.* at 1241.  Instead, courts consider whether the "defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state."  *Id*.  In short, "*the forum state itself must be the focal point of the tort*."  *Id.* at 1244 (emphasis in original) (quoting *Dudnikov*, 514 F.3d at 1074 n. 9) (internal quotation marks omitted).

## A.     Specific Jurisdiction

For specific jurisdiction to be proper, Plaintiff must prove that Defendant took an intentional action that was expressly aimed at Colorado with knowledge that the brunt of the injury would be felt in Colorado. *Dudnikov*, 514 F.3d at 1072.  Plaintiff argues that Defendant is subject to personal jurisdiction because he knew Plaintiff's principal place of business is in Colorado, and that Defendant designed the Blog to target Plaintiff and its related companies. (ECF No. 32 at 1-3.)  For the purposes of this Motion, the Court accepts these allegations as true. *Dudnikov*, 514 F.3d at 1070.

Plaintiff's allegations satisfy the first and third elements of the "purposeful direction" test. *See id.* at 1072.  Defendant's creation of the Blog was clearly an intentional act, as were his posts regarding Plaintiff. *See Silver v. Brown*, 382 F. App'x 723, 729 (10th Cir. 2010) (unpublished).  It is also plausible that Defendant knew his actions would have the greatest impact in Colorado since he knew Plaintiff was located in Colorado and conducted its business there. *Id.* at 730.  However, Plaintiff has failed to establish that Defendant expressly aimed his conduct at Colorado.  The "express aiming" test requires the Court to focus on Defendant's intentions, and asks: "[W]here was the 'focal point' of [his] purposive efforts"? *Dudnikov*, 514 F.3d at 1075.  The Court cannot agree that the focal point of Defendant's conduct was Colorado.

With so few cases from this Circuit addressing the jurisdictional implications of web blogs, the Court finds it instructive to discuss the two primary cases in this area, which present contrasting factual scenarios.

In *Silver*, the plaintiff and the defendant entered into a business relationship that eventually failed, after which each alleged the other owed him money. 382 F. App'x at 724-25. The defendant then created a blog about the conflict with a domain name that explicitly referenced the plaintiff and the name of his business. *Id.* at 725. The blog informed readers that it was "dedicated to providing a blog and information regarding Companies that have dealings with" the plaintiff to help them avoid them falling prey to the plaintiff's "scheme." *Id*. The blog linked viewers to "reputable" competitors, and employed search-engine optimization to increase readership. *Id.* at 725-26. Evidence showed that the plaintiff's business had significant ties to the forum state where he also lived. *Id.* at 729-30.

The court held that the plaintiff had satisfied *Calder*'s three-part test for personal jurisdiction. First, the posting of the blog was "clearly an intentional act" designed to damage the plaintiff's reputation. *Id*. at 729. Second, the defendant had expressly aimed his conduct at New Mexico, where the plaintiff, his business, and the majority of his customers were located. *Id*. "It was about a New Mexico resident and a New Mexico company. The blog complained of [plaintiff's] and [his business's] actions in the failed business deal. Those actions occurred mainly in New Mexico. And the blog was widely available in New Mexico over the internet and all the various ways the internet may be accessed in this day and age." *Id*. at 729-30. Third, the defendant knew the brunt of the plaintiff's injury would be felt in New Mexico, as the state was "unquestionably the center of his business activities." *Id*. at 730. Thus, the court found all three elements were satisfied.

In *Shrader*, the plaintiff lived and worked in Oklahoma where he produced books for market traders, which he sold through internet-based vendors. 633 F.3d at 1237-38. The defendant posted a defamatory email about the plaintiff and his work on a market traders' internet forum. *Id*. at 1238.

The court found it lacked personal jurisdiction over the internet forum's administrators and the defendant who posted the e-mail on the forum. *Id*. at 1241-45. The court held that the forum did not target an Oklahoma audience, the work of Oklahoma writers, or the plaintiff personally. *Id*. at 1242. It instead targeted a trading community with no particular connection to Oklahoma. *Id*. at 1245. With respect to the defamatory post itself, the court found that Oklahoma was not the focal point of the posted email, "either in terms of its audience or its content." *Id*. at 1245. The e-mail was about the plaintiff's work that was "marketed and sold worldwide through the internet . . . [with] nothing about the nature of the work inherently linking it to Oklahoma—as there might be had [the plaintiff] been located in a trading center like New York or Chicago and relied on that tie in producing or marketing his materials." *Id.* Unlike the plaintiff in *Silver*, the *Shrader* plaintiff "produced his materials in Oklahoma because he happened to live there; his professional reputation in the trading community was not tied to Oklahoma." *Id*.

This case provides a closer analogue to *Shrader* than *Silver*. Like the plaintiff in *Shrader*, the Plaintiff's business does not appear to have any particular connection to Colorado other than being its principal place of business. Plaintiff describes itself as a "nationwide" company, and has not alleged that its customers are principally Colorado

residents. (ECF No. 26 at 3.) Conversely, the *Silver* plaintiff had more meaningful ties to the forum state, New Mexico, where he "founded the Venture Capital Club of New Mexico and funded dinner meetings for eleven years, one evening a month at which New Mexico entrepreneurs pitched their 'deals' to angel investors." 382 F. App'x at 730. In that case, both the plaintiff and his work were so significantly tied to the forum state that any defamatory messages would have targeted an audience that included "a substantial number of forum state residents and businesses." *Shrader,* 633 F.3d at 1245. Plaintiff here has not shown that its professional reputation is so closely linked to Colorado as to have a similar effect, or why Colorado would inherently be ground zero for Defendant's purposeful efforts.

Defendant's knowledge that Plaintiff was a forum state resident does not change the analysis. The "expressly aimed" portion of *Calder*, at least in this Circuit, is not satisfied when a defendant "individually targets a known forum resident." *Id.* at 1244. Rather, under our "restrictive approach", *Colorado itself* must have been Defendant's focal point. *Id.* The Court accepts as true that Defendant created the Blog solely to defame Plaintiff, and that the Blog did in fact defame Plaintiff. However, the Court's review of Defendant's posts, and the Blog generally, highlights the "geographically-neutral content . . . [and] geographically-neutral nature of the forum." *Id.* at 1245-46. The Court therefore concludes that Defendant targeted the Blog and his messages "at a nation-wide or world-wide audience . . . with no inherent interest in or tie to" Colorado. *Id.* at 1246.

Finally, the Court declines to attribute the posts of anonymous commentators to Defendant, as Plaintiff urges. (ECF No. 32 at 6-7.) Once again, *Shrader* is instructive. The plaintiff in *Shrader* sued the operators of a web forum for not interfering and removing a defamatory email posted by someone else. 633 F.3d at 1241-42. The court held that the operators might be subject to suit in the forum state of Oklahoma based on the posted email had the forum itself been directed at Oklahoma. *Id*. at 1242. That was not the case, however, and the court noted the forum's "non-local nature." *Id.* The Court has already noted the same regarding Defendant's Blog in this case. Moreover, although Defendant may have solicited posts about Plaintiff (ECF No. 32-4 at 57), nothing indicates he encouraged posts about Plaintiff's Colorado employees or customers specifically, leaving the "geographically-neutral" content and nature of the forum, insofar as Defendant's activity is concerned, unchanged. The Court concludes that Defendant is not subject to specific personal jurisdiction.

**B.    General Jurisdiction**

Plaintiff alleges that Defendant "profited directly from disparaging [it] and from promoting" a competitor of Plaintiff, possibly subjecting Defendant to general jurisdiction based on the Blog's commercial activity. (ECF No. 32 at 5.) The bar for general jurisdiction based on a web site's commercial activity is "quite high." *Shrader*, 633 F.3d at 1243. Jurisdiction is denied absent "substantial sales" and the type of commercial contacts that "approximate physical presence in the state." *Id.* (internal quotation marks omitted). A defendant's operation of a website will only subject it to general jurisdiction when it "has actually and deliberately used its website to conduct commercial

transactions on a sustained basis with a substantial number of residents of the forum." *Id*. (quoting *Smith v. Basin Park Hotel, Inc.*, 178 F. Supp. 2d 1225, 1235 (N.D. Okla. 2001) (internal quotation marks omitted)).

Defendant avers that the only profit he received from the Blog's operation was a check for $100.00 after registering the Blog with Google Ads. (ECF No. 31-15 at 2.) Defendant also maintains that Google determines what advertisements appear on the Blog. (*Id*.) The Court must resolve all factual disputes in the Plaintiff's favor. *Wentz*, 55 F.3d at 1505. Even so, the Plaintiff has failed to plausibly allege that Defendant made any other profits from the Blog's operation, or conducted any other commercial activity using the Blog. Plaintiff's general allegations that Defendant reaped other profits through the Blog are insufficient to support general jurisdiction based on the Blog's commercial activity. (ECF No. 26 at 6-7.)

Nor is there any indication that Defendant sufficiently altered the "passive" nature of the Blog so as to support general jurisdiction. *Shrader*, 633 F.3d at 1241-42 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119 (W.D. Pa. 1997). The website provided a medium that permitted an exchange of information, none of which, as the Court has discussed, was directed by Defendant at Colorado. *See id.* The required "continuous and systematic contacts with the forum state" are absent here. *Helicopteros*, 466 U.S. at 416.

**C.    Jurisdiction Based on Conspiracy**

Lastly, Plaintiff alleges that Defendant, Plaintiff's competitors, and the unidentified posters on the Blog entered into a conspiracy to defame Plaintiff. (ECF

Nos. 26 at 6-7 & 32 at 11.) The Court rejects Plaintiff's attempt "to tie the [Defendant] to the acts of the other defendants [and third parties] by alleging, in conclusory and speculative fashion, a civil conspiracy to interfere with [its] business." *Shrader*, 633 F.3d at 1242. "These are just the sorts of allegations *Dudnikov* directs us not to consider, as it pointedly limits the facts that must be accepted for purposes of the jurisdictional analysis to those well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiff['s] complaint." *Id.* (citing *Dudnikov*, 514 F.3d at 1070 (internal quotation marks omitted)). Personal jurisdiction based on a conspiracy theory exists where the plaintiff offers facts supporting a *prima facie* case that a conspiracy existed, rather than "bare allegations." *Id.* (citing *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) (holding conclusory allegation of conspiracy insufficient, even when coupled with parallel conduct by defendants). Plaintiff has not met its burden.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Defendant Daniel Drasin's Motion to Dismiss for lack of personal jurisdiction (ECF No. 31) is GRANTED;

2. Plaintiff's claims against Defendant Daniel Drasin are DISMISSED WITHOUT PREJUDICE;

3. Because the Court cannot definitively conclude on this record that amendment of the Complaint would be futile, Plaintiff may, **on or before February 13, 2015**, amend its Complaint should it be able to allege plausible, substantiated facts that

would support personal jurisdiction over Defendant Daniel Drasin consistent with this Order;

4. The Clerk and parties shall update the case caption in accordance with this Order;

5. This action remains pending as to Plaintiff's claims against Defendants John Does 1-10; and

6. The stay previously imposed by United States Magistrate Judge Kristen L. Mix (ECF No. 40) is LIFTED.

Dated this 23rd day of January, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge