**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0304-WJM-KLM

ADVANCED CAREER TECHNOLOGIES, INC., a Delaware corporation,

    Plaintiff,

v.

JOHN DOES 1-10, and
DANIEL DRASIN,

    Defendants.

---

**ORDER DENYING DEFENDANT DANIEL DRASIN'S
MOTION FOR ENTRY OF FINAL JUDGMENT**

---

On February 5, 2013, Plaintiff initiated this action against the above-named Defendants, alleging violations of the Lanham Act, trade libel, and violations of the Colorado Consumer Protection Act.  (ECF No. 1.)  On January 23, 2015, the Court dismissed Plaintiff's claims against Defendant Daniel Drasin ("Defendant") without prejudice due to lack of personal jurisdiction.  (ECF No. 41.)  This matter is now before the Court on Defendant's Motion for Entry of Final Judgment ("Motion").  (ECF No. 44.)  In support of his Motion, Defendant cites Federal Rule of Civil Procedure 58, but points to no particular provision of that rule suggesting he is entitled to the entry of final judgment in the circumstances of this case.  (*See id*.)

The "established rule [is] that dismissals for lack of personal jurisdiction are without prejudice."  *Arocho v. Lappin*, 461 F. App'x 714, 719 (10th Cir. 2012) (unpublished) (citing *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir.

2002)). "Absent the power to proceed to an adjudication, a court must dismiss without prejudice because it *cannot enter a judgment on the merits.*" *Id*. (emphasis in original). However, "[a]lthough a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). The key inquiry is whether the plaintiff has effectively been excluded from federal court as a result of the court's dismissal. *Id*. (citation omitted).

That is not the case here. In its Order Granting Defendant's Motion to Dismiss, the Court explicitly held that the claims against Defendant were dismissed without prejudice due to lack of personal jurisdiction. (ECF No. 41 at 12.) The effect of the Court's Order was to allow Plaintiff to re-file its case in a proper forum, and therefore the dismissal did not preclude further federal court litigation of this matter by Plaintiff. As such, the Court finds that Defendant is not entitled to an entry of final judgment in this matter pursuant to Federal Rule of Civil Procedure 58. As a consequence, Defendant's Motion for Entry of Final Judgment (ECF No. 44) is DENIED.

Dated this 23rd day of March, 2015.

BY THE COURT:

William J. Martínez
United States District Judge