**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0304-WJM-KLM

ADVANCED CAREER TECHNOLOGIES, INC., a Delaware corporation,

 Plaintiff,

v.

JOHN DOES 1-10, and
DANIEL DRASIN,

 Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DANIEL
DRASIN'S MOTION FOR ATTORNEYS' FEES**

---

 This matter is before the Court on Defendant Daniel Drasin's Motion for

Attorneys' Fees ("Motion").  (ECF No. 45.)  Plaintiff initiated this action on February 5,

2013 alleging violations of the Lanham Act, common law trade libel, and violations of

the Colorado Consumer Protection Act.  (ECF No. 1.)  On January 23, 2015, the Court

granted Defendant's Motion to Dismiss due to lack of personal jurisdiction.  (ECF No.

41.)  However, the Court gave Plaintiff until February 13, 2015 to amend its Complaint

should it be able to allege plausible, substantiated facts that would support personal

jurisdiction over Defendant.  (*Id.*)  Plaintiff chose not to do so and filed a motion to

dismiss this action on February 23, 2015.  (ECF No. 42.)  Defendant's Motion seeks

attorneys' fees incurred in connection with the litigation of this matter.  For the reasons

below, Defendant's Motion is granted in part and denied in part.

## I.  LEGAL STANDARD

To determine a reasonable attorneys' fee, the court must calculate a "lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)).  Counsel should exercise "billing judgment" prior to submitting a fee request to eliminate any needless, excessive, or redundant hours.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Billing judgment should also take into account the experience and relative skill of the billing attorneys.  *Id*.  Additional factors to determine a fee's reasonableness include "the complexity of the case, the number of reasonable strategies pursued, . . . the responses necessitated by the maneuvering of the other side," any potential duplicative services, and whether the hours would "normally be billed to a paying client."  *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983).  A court may use its discretion to fashion an award of attorneys' fees it deems appropriate where counsel requests payment for hours other than those reasonably expended.  *Id.* at 554-55.

## II.  ANALYSIS

Defendant's Motion to Dismiss asserted a lack of personal jurisdiction and was filed pursuant to Federal Rule of Civil Procedure 12(b)(2).  (ECF No. 31.)  Colorado law allows defendants to a tort action who prevail on a Rule 12(b) motion to obtain attorneys' fees:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have

judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201. A federal court sitting in diversity applies the substantive

law of the forum state. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000).

In the Tenth Circuit, attorneys' fees statues are considered substantive. *Id*. While on

its face § 13-17-201 only applies to motions brought under Rule 12(b) of the Colorado

Rules of Civil Procedure, the statute has been interpreted to apply to the dismissal of

state claims under Federal Rule of Civil Procedure 12(b). *Shrader v. Beann*, 503 F.

App'x 650, 655 (10th Cir. 2012). Section 13-17-201 therefore applies in this case.

Plaintiff makes three arguments as to why attorneys' fees should not be awarded

pursuant to § 13-17-201: (1) an award of attorneys' fees would be unjust and contrary

to the purpose of § 13-17-201; (2) § 13-17-201 does not apply to Lanham Act claims;

and (3) Defendant failed to apportion his fee request. The Court addresses each

argument in turn.

### A.       When Fees Should be Awarded

Plaintiff maintains that § 13-17-201 was enacted to discourage unnecessary

litigation and has been narrowly construed, despite the statute's language that the

prevailing defendant "shall" be awarded attorneys' fees. (ECF No. 49 at 3); *see also*

*Castro v. Lintz*, 338 P.3d 1063, 1067 (Colo. App. 2014) ("An award of attorney fees

under section 13-17-201 is mandatory when a trial court dismisses a tort action under

C.R.C.P. 12(b)"). However, Plaintiff is correct that Colorado courts have denied fee

awards in cases where the plaintiff voluntarily consented to dismissal by conceding the

defendant's 12(b) motion. For example, in *Employers Insurance of Wausau v. RREEF*

*USA Fund-II (Colorado), Inc.*, 805 P.2d 1186, 1188 (Colo. App. 1991), the court held:

> [W]e conclude that the General Assembly did not intend § 13-17-201 to apply to a situation in which, as here, a plaintiff files a confession to a defendant's C.R.C.P. 12(b) motion to dismiss in such a manner that defendant is not required to expend additional efforts beyond the filing of its motion.

Plaintiff argues that this exception applies because it filed a voluntary motion to dismiss this action rather than choosing to amend its Complaint. (ECF No. 49 at 3-4.) However, when the Court reached Defendant's Motion to Dismiss it had been fully briefed by the parties. (ECF Nos. 31, 32, & 33.) In filing a reply to Plaintiff's opposition, Defendant was thus "required to expend additional efforts beyond the filing of [his] motion," and Plaintiff's conduct after the motion had been briefed and ruled on did not prevent the need for such efforts. *Emp'rs Ins.*, 805 P.2d at 1188. This is not the type of voluntary dismissal that will defeat a § 13-17-201 fee award.

The Colorado Court of Appeals has also held that the entire tort action, rather than a single claim, must be dismissed in order to justify attorneys' fees under § 13-17-201. *Jaffe v. City & Cnty. of Denver*, 15 P.3d 806, 814 (Colo. App. 2000). Such was the case here. By granting Defendant's Motion to Dismiss the Court disposed of all of Plaintiff's claims against Defendant. (ECF No. 41.) The Court accordingly rejects Plaintiff's argument that awarding attorneys' fees in this matter would be unjust or contrary to the interpretation of § 13-17-201.

**B.     The Lanham Act and § 13-17-201**

Plaintiff argues that the Court should only consult § 13-17-201 for those claims based on state law.  (ECF No. 49 at 5.)  According to Plaintiff, because the Lanham Act is a federal statute, the Lanham Act's attorneys' fee provision preempts § 13-17-201 and therefore applies to that claim.  (*Id*.)

Congress's power to preempt state law arises from the Supremacy Clause of the U.S. Constitution.  *Choate v. Champion Home Builders Co.*, 222 F.3d 788, 791 (10th Cir. 2000).  While Plaintiff does not ground its argument in any particular preemption theory, or mention preemption in its brief, the distinctions are helpful here.  Preemption occurs in three circumstances:  (1) Congress has preempted state law through express statutory language; (2) in the absence of such language, state law regulates conduct in a field that Congress implicitly intended the federal government to occupy exclusively; and (3) the state law conflicts with federal law, such that it is impossible for a party to comply with both state and federal requirements.  *Id*.  In any case, preemption is fundamentally a question of congressional intent.  *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990).

Turning to the fee provision at issue, the Lanham Act states that "[w]hen . . . a violation under section 1125(a) or (d) of this title . . . shall have been established in any civil action arising under this chapter . . . [t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[1]  15 U.S.C. § 1117(a).  Plaintiff alleged

---

[1]  Plaintiff's preemption argument is based on a misreading of the Lanham Act.  Plaintiff argues that only plaintiffs can recover attorneys' fees under the Lanham Act, and cites the following portion of the statute in support: "When a violation of any right . . . under section 1125(a) or (d) of this title . . . shall have been established in any civil action arising under this chapter, the

a violation of 15 U.S.C. § 1125(a) and therefore the Lanham Act's fee provision would

normally apply here.  The Lanham Act also appears to conflict with § 13-17-201 in that

awards under the Lanham Act are permissive, while those under § 13-17-201 are

mandatory.  The Court must therefore determine whether Congress intended to

preempt any conflicting state attorneys' fee provisions.

Attrezzi, LLC v. Maytag Corp., 436 F.3d 32 (1st Cir. 2006) is instructive.  In

Attrezzi, the First Circuit considered an analogous New Hampshire fee provision that

defendants argued was preempted by the Lanham Act.  Id. at 41.  The state statute

awarded fees automatically to the prevailing plaintiff.  N.H. Rev. Stat. § 358-A:10.  The

court noted that the Lanham Act does not expressly preempt state law attorneys' fees

provisions.  Attrezzi, 436 F.3d at 41.  "Field preemption" was also held inapplicable

because "[i]t is settled that the Lanham Act does not in general preclude state unfair

competition statutes from operating . . . [and] it is common practice for federal and state

statutes to operate in the same field . . . even though their terms may be somewhat

different and state law may be more favorable to the plaintiff."  Id.  Nor did conflict

preemption apply.  Id. at 42.  The court held that "the Lanham Act provides a federal

forum for what is in substance a traditional common-law claim."  Id.  Congress has not

prohibited state unfair competition statutes with substantive terms that are more

favorable to plaintiffs than the Lanham Act; thus, if state statutes that substantively

---

plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by
the plaintiff, and (3) the costs of the action."  15 U.S.C. § 1117(a).  But this portion of the statute
speaks to the "costs of the action," not attorneys' fees, and Plaintiff ignores the clear language
that follows, which states "[t]he court in exceptional cases may award reasonable attorney fees
to the prevailing *party*."  Id. (emphasis added).  The Lanham Act thus makes no distinctions
between plaintiffs and defendants with regard to attorneys' fee awards.

diverge from the Lanham Act are not preempted, neither is a state's alteration of the statute's remedial components. *Id.*; *see also Tonka Corp. v. Tonk-A-Phone, Inc.*, 805 F.2d 793, 794 (8th Cir. 1986) (holding the same for a conflicting attorneys' fee provision); *JCW Inv., Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007) ("We agree with the First Circuit that, to the extent that state substantive law survives and is coterminous with federal law in this area, state law remedies should survive as well.").

Section 13-17-201 is not at unfair competition statute but the logic of *Attrezzi* is equally applicable here. *See JCW Inv.*, 482 F.3d at 919. Section 13-17-201 applies to all tort actions and therefore alters the Lanham Act by providing a more generous remedial provision upon a Rule 12(b) dismissal. Moreover, "[i]n the area of trademark law, preemption is the exception rather than the rule, . . . [and] the Lanham Act has not been interpreted as a statute with broad preemptive reach." *Id*. The Court therefore joins the First Circuit in holding that the Lanham Act does not preempt a state's more favorable attorneys' fees provision.

Plaintiff further argues that § 13-17-201 should not apply to the Lanham Act claim because such claims do not sound in tort. (ECF No. 49 at 5-6.) Plaintiff makes this argument despite ample case law to the contrary. *Liberty Ammunition, Inc. v. United States*, 101 Fed. Cl. 581, 591 (2011) ("violations of the Lanham Act sound in tort"); *see also Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1433 (3d Cir. 1994) ("[t]he [Lanham] Act federalizes a common law tort"); *20th Century Wear, Inc. v. Sanmark-Stardust Inc.*, 747 F.2d 81, 92 n.15 (2d Cir. 1984) ("section 43(a) created a new federal statutory tort"); *Ragold, Inc. v. Ferrero, U.S.A., Inc.*, 506 F. Supp.

117, 120 (N.D. Ill. 1980) ("[v]iolations of section 43(a) of the Lanham Act constitute a tort of unfair competition").

In support, Plaintiff cites *Full Draw Productions v. Easton Sports, Inc.*, 85 F. Supp. 2d 1001, 1010 (D. Colo. 2000), in which the court held that the statute of limitations for fraud, misrepresentation, deceit, and concealment applied to claims under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), rather than the shorter limitations period for "tort actions, including but not limited to actions for negligence, trespass, malicious abuse of process, malicious prosecution, outrageous conduct, interference with relationships, and tortious breach of contract." However, Plaintiff ignores that the court was tasked with determining which of Colorado's limitations periods was most analogous to a Lanham Act unfair competition claim. *Id.* at 1011. *Full Draw* never held that a violation of the Lanham Act is not tortious; rather, the court simply selected the correct limitations period after finding that Section 43(a) Lanham Act violations are more closely related to the torts of fraud and misrepresentation, rather than negligence, trespass, malicious prosecution and the like. *See id.* ("Also militating in favor of applying the limitations period for fraud, misrepresentation, concealment, and deceit is the fact that the tort of unfair competition, which encompasses much of the same subject matter as the Lanham Act, has its origins in the common law tort of deceit"). The Court therefore rejects Plaintiff's argument and finds that § 13-17-201 applies to Lanham Act claims.

### C. Fee Apportionment

Plaintiff lastly argues that Colorado law requires Defendant to apportion his

attorneys' fees among those claims for which he properly seeks fees.  (ECF No. 49 at

6.)  Plaintiff cites a single case, *Fountain v. Mojo*, 687 P.2d 496, 501 (Colo. App. 1984),

in support of this proposition.  (*Id.*)  In *Fountain*, the defendant moved for attorneys'

fees under Colorado Revised Statute § 13-17-102 following the court's finding that one

of plaintiff's two claims was groundless.  687 P.2d at 501.  Section 13-17-102 allows for

fees if "the complaint contains allegations sufficient to survive a motion to dismiss for

failure to state a claim, but which are not supported by any credible evidence at trial."

*Id*.  The court noted that "[w]hile a prevailing party must be afforded an opportunity to

establish a reasonable proration of attorney fees incurred relative to the defense of a

frivolous or groundless claim, he must produce sufficient evidence for the trial court to

exercise its discretion in determining the amount of attorney fees allocable to that

claim."  *Id*.  Because the defendant failed to produce such evidence as to the sole claim

that was held groundless, the court denied the motion for attorneys' fees.  *Id*. at 502.

Fountain is distinguishable.  Here, the Court dismissed Plaintiff's entire action,

and awards fees for this litigation in its entirety.  Moreover, § 13-17-201 does not

indicate that apportionment is required, and the Court finds that all of Plaintiff's claims

alleged in its Amended Complaint sound in tort.  (ECF No. 26.)  And, even if the Court

accepts Plaintiff's argument that only some of its claims are tort claims, the Court still

finds that this is primarily a tort action and that the award of fees is appropriate.  *U.S.*

*Fax Law Ctr., Inc. v. Henry Schein, Inc*., 205 P.3d 512, 517 (Colo. App. 2009) (holding

that "when the action contains a mix of contract and tort claims, fees may be awarded if

the action is primarily a tort action").  The Court therefore rejects Plaintiff's argument

that Defendant was required to apportion its fees among the claims asserted in the
Complaint.

### D.     The Fee Award

In light of the foregoing, the Court finds that Defendant is entitled to an award of
attorneys' fees under § 13-17-201.  Defendant has submitted fee documentation from
multiple sources:  Nicholas Hansen billed $8,100.00 for 32.40 hours of work at $250.00
per hour; and Jan Berlage, her colleague Ryan Notton, and various paralegals billed
$14,305.90 for 60.2 hours of work at $250.00, $200.00, and $150.00 per hour,
respectively.  (ECF Nos. 45-1 & 45-3.)  The total amount required is $22,405.90.
Plaintiff does not challenge the amount requested, the billable hours submitted, or the
rate at which counsel billed their hours.  The Court finds that Defendant's counsel billed
at a reasonable rate for a reasonable amount of hours.  The Court therefore awards
Defendant $22,405.90 in legal fees he incurred litigating this matter.

Defendant also seeks $9,436.00 for 39.9 hours of litigation related to discovery
served on Defendant in Maryland.  (ECF Nos. 45-3 at 3; & 45-5.)  However, the Court
declines to award Defendant this amount as it does not represent time Defendant spent
litigating this matter as a party.  Rather, these fees appear to relate to litigation that
occurred prior to Defendant being added to this suit.  (*See* ECF No. 45-5.)  Defendant
has presented no authority indicating he is entitled to fees that predate his addition to
this suit, and therefore the Motion is denied to the extent it seeks such fees.

### III.  CONCLUSION

For the foregoing reasons, the Court ORDERS that:

1.  Defendant Daniel Drasin's Motion for Attorneys' Fees (ECF No. 45) is

    GRANTED IN PART and DENIED IN PART;

2.  Defendant Daniel Drasin is awarded $22,405.90 in attorneys' fees, and the Clerk

    of the Court shall enter judgment in favor of Defendant and against Plaintiff in

    this amount; and

3.  Defendant's Motion is denied in all other respects.


Dated this 24th day of April, 2015.

                              BY THE COURT:



                              _____
                              William J. Martinez
                              United States District Judge